## SIPHORUS GATES, RESPONDENT, *v.* MILO CANFIELD, APPELLANT.

*Practice — discontinuance of an action in a Justice's Court upon a plea of title being interposed — what is not a trial of an issue of fact at the circuit — when the defendant is entitled to costs — Code of Civil Procedure, sec. 3235.*

The plaintiff discontinued an action, brought in a Justice's Court for a trespass upon lands, upon a plea of title and a general denial being interposed by the defendant. Thereafter he brought this action for the same cause, and the same defenses were again pleaded. Upon the trial the plaintiff having given no evidence to prove the trespass alleged in the complaint, the court, on motion of the defendant, dismissed the complaint.

*Held*, that there was no "trial of an issue of fact," within the meaning of those terms as used in the exception contained in section 3235 of the Code of Civil Procedure, and that the defendant was entitled to costs.

APPEAL from an order of the Steuben Special Term, denying a motion to set aside a taxation of costs for the plaintiff, and to direct the clerk to tax costs for the defendant.

*Holliday & Bingham* and *H. Bemis*, for the appellant.

*I. H. & C. W. Stevens*, for the respondent.

SMITH, P. J.:

The plaintiff commenced an action against the defendant in a Justice's Court for trespass on lands, and the same having been discontinued by a plea of title, the plaintiff brought the present action in this court for the same cause, and the like defense was interposed here. The plea of title was accompanied in each court by a general denial. At the trial, at the circuit, the plaintiff gave no evidence

tending to prove the trespass alleged in the complaint, and thereupon the court, on motion of the defendant, dismissed the complaint, no evidence whatever having been offered by the defendant. Upon these facts the plaintiff claims that he is entitled to costs, and that the defendant is not, and the Special Term has so held. The only question is whether that position is correct.

The question depends upon the construction to be given to certain words contained in section 3235 of the Code of Civil Procedure. So much of that section as is material to the question is as follows: " Section 3235. Where an action brought before a justice of the peace * * * has been discontinued, as prescribed by law, upon the delivery of an answer showing that title to real property will come in question, and a new action for the same cause has been commenced in the proper court; the party in whose favor final judgment is rendered in the new action is entitled to costs, except that where final judgment is rendered therein in favor of the defendant upon the trial of an issue of fact, the plaintiff is entitled to costs, unless it is certified that the title to real property came in question on the trial." Of course, in this case, there was no such certificate. The question comes down to this: Was the trial at the circuit the trial of an issue of fact within the meaning of the section above transcribed? True, issues of fact had been joined by the pleadings, and such issues had been noticed and placed on the calendar and moved for trial, so that probably the party recovering costs of the action would be entitled to the fee given for the trial of an issue of fact by section 3251 of the Code. But those considerations do not determine the present question. For when the plaintiff's evidence was out, it was apparent that there was no issue of fact to be tried, and the presiding judge thereupon withheld the case from the jury and disposed of it upon a question of law. The defendant's motion to dismiss the complaint for the want of evidence to support it was analogous to a demurrer to the evidence, and as the motion prevailed, the case was disposed of upon an issue of law, without any issue of fact being tried. Section 3235 of the present Code is a substitute for section 61 of the Code of Procedure. That section provides as follows: "If the judgment in the Supreme Court be for the plaintiff he shall recover costs; if it be for the defendant he shall recover costs, except that upon *a verdict*

he shall pay costs to the plaintiff, unless the judge certify," etc. We do not think the change of verbiage from the words "upon a verdict" to the words "upon the trial of an issue of fact," was intended to work the consequence contended for by the plaintiff, but it was designed merely to include the case of a trial by the court or a referee, as well as that of a trial by a jury. The construction contended for by the respondent is contrary to the general policy of the statute as to costs, and if adopted would enable the plaintiff in every like case. to work a fraud on the defendant by withholding his evidence at the trial of the new action.

If we are right in these views there has been no trial of an issue of fact, within the meaning of the statute under consideration, and consequently the case is not within the exception made by the section, and the defendant and not the plaintiff is entitled to costs.

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and the defendant's motion granted, with ten dollars costs.

Hardin and Haight, JJ., concurred.

